James A. McDevitt
United States Attorney
Eastern District of Washington
Stephanie J. Lister
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR-07-6008-LRS |
| Plaintiff, ) | |
| ) | United States' Notice of |
| v. ) | Review of PreSentence |
| ) | Investigation Report |
| KENNETH JOHN FREEMAN, ) | |
| Defendant. ) | |

Plaintiff United States of America, by and through James A. McDevitt, United States Attorney for the Eastern District of Washington, Stephanie J. Lister, Assistant United States Attorney for the Eastern District of Washington, Karin J. Immergut, United States Attorney for the District of Oregon, and Gary Sussman, Assistant United States Attorney for the District of Oregon, submits herewith its Notice of Review of the PreSentence Investigation Report, dated February 9, 2009.

**INTRODUCTION**

The Defendant Freeman has plead guilty to two counts of Production of Child Pornography and one count of Interstate Transportation of a Minor for the Purpose of Engaging in Unlawful Sexual Activity. The United States has reviewed the PreSentence Investigation Report (hereinafter PSR) and notes the following:

United States' Notice of Review of the PreSentence Investigation Report - 1
P090219jm.slf.wpd

**A.    Factual Errors or Omissions.**

After review of the PSR, the Government believes the U.S. Probation Officer did an extraordinary job writing the PSR and accurately setting forth the facts of this fairly complicated case. The Government recognizes that the following suggested "corrections" are very minor.

- Pg.4, ¶ 1- Defendant was charged on December 8 (not *15*), 2006, for the offense of unlawful flight to avoid prosecution (*not the later Indictment charges of Production and Transportation of Child Pornography*).
- Pg.9, ¶ 11- Mr. Freeman began to sexually abuse KNF on the Saturday of (not *before*) Mother's Day weekend in 2000.
- Pg. 11, ¶ 20- Evidence that Freeman distributed images of child pornography over the Internet is not the only evidence of interstate transportation. Defendant also produced images of child pornography in Oregon, which he later transported in interstate commerce to the State of Washington.

**B.    The Sentencing Guideline Calculations.**

    **1.    Production of Child Pornography.**

The U.S. Probation Office has determined Defendant's base offense level, for both the charges of Production of Child Pornography in the Eastern District of Washington and the District of Oregon, pursuant to the United States Sentencing Guidelines (U.S.S.G.) § 2G2.1(a), to be 27. PSR ¶ 67 and 75. The U.S. Probation Office has determined that the facts of the case warrant a number of specific characteristic enhancements for Production of Child Pornography:

- The victim had not attained the age of 12 years, U.S.S.G. § 2G2.1(b)(1)(A). PSR ¶ 68 and 76.                                                      (+4);
- The Defendant was a parent of the victim, U.S.S.G. § 2G2.1(b)(2). PSR ¶ 69 and 77.                           .                                          (+2);

United States' Notice of Review of the PreSentence Investigation Report  - 2
P090219jm.slf.wpd

- The Defendant willfully obstructed or impeded the administration of justice, U.S.S.G. § 3C1.1.  PSR ¶ 72 and 80.                              (+2).

The Government concurs with the calculations included in the PSR that Defendant's adjusted offense level for Production of Child Pornography is 35. PSR ¶ 73 and 81.

### 2. Transportation of a Minor for the Purpose of Engaging in Unlawful Sexual Activity.

The U.S. Probation Office has determined Defendant's base offense level, for Transportation of a Minor for the Purpose of Engaging in Unlawful Sexual Activity, arising out of the charges in the District of Oregon, pursuant to the United States Sentencing Guidelines (U.S.S.G.), cross reference § 2G1.1(c)(1), to be 27. U.S.S.G. § 2G2.1(a).  PSR ¶ 90-91.  The U.S. Probation Office has determined that the facts of the case warrant a number of specific characteristic enhancements for this offense:

- The victim had not attained the age of 12 years, U.S.S.G. § 2G2.1(b)(1)(A).  PSR ¶ 92.                                      (+4);
- The Defendant was a parent of the victim, U.S.S.G. § 2G2.1(b)(2). PSR ¶ 93.                          .                    (+2);
- The Defendant willfully obstructed or impeded the administration of justice, U.S.S.G. § 3C1.1.  PSR ¶ 96.                              (+2).

The Government concurs with the calculations included in the PSR that Defendant's adjusted offense level for Transportation of a Minor for the Purpose of Engaging in Unlawful Sexual Activity is 35.  PSR ¶ 97.

### 3. Grouping and Acceptance of Responsibility.

The Government concurs with the grouping calculations included in the PSR that Defendant should receive a three level increase to the adjusted offense level of 35, which results in a combined adjusted offense level of 38.  PSR ¶ 97.

United States' Notice of Review of the PreSentence Investigation Report  - 3
P090219jm.slf.wpd

Pursuant to Defendant's timely acceptance of the Government's plea offer, the Government concurs with the PSR that Defendant qualifies for a three-level reduction in his offense level based upon acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. Defendant's resulting total offense level is 35. PSR ¶ 102. Defendant has a criminal history category of I. PSR ¶ 117. Based on a total offense level of 35 and a criminal history category of I, Defendant's advisory U.S.S.G. range is 168 to 210 months in prison. PSR ¶ 162. The Government agrees that a period of not more than 3 years of supervised release may be imposed on each of the three counts of conviction. PSR ¶ 165.

**B.    Impact of the Plea Agreement.**

Pursuant to the Plea Agreement, the Defendant and the United States have agreed to recommend that a seven (7) level upward departure is appropriate. (Plea Agreement, pg. 19, ¶ 10). This would increase the Defendant's offense level to 42 and the guideline range would then be 360 months to life. PSR ¶ 164. The Plea Agreement also provides that the Defendant and the United States have agreed to recommend that the Court impose a sentence of 50 years, pursuant to Fed.R. Crim.P. 11(c)(1)(C). (Plea Agreement, pg. 20, lines 15-23). A separate Sentencing Brief will be filed by the United States to address the appropriateness of a seven (7) level upward departure and a 50 year sentence.

Also pursuant to the Plea Agreement, the Defendant and the United States have agreed to recommend that the Court impose a three year term of supervised release with a number of special conditions. (Plea Agreement, pg. 21, ¶ 13 and PSR pgs. 7-9.

The United States will not present any information on the Defendant's ability to pay a fine. However, as part of the Plea Agreement the Defendant has agreed to pay restitution to Gaye Peale (guardian/ mother of victim K.N.F.) in the total amount of $10,856.93. This includes restitution owed to date for past counseling ($180.00) and travel expenses to attend court hearings ($676.93). The

United States' Notice of Review of the PreSentence Investigation Report  - 4
P090219jm.slf.wpd

Defendant has also agreed to pay, upon proof of receipt of counseling charges, up to $10,000 for future counseling for victim K.N.F.. The Judgment and Commitment Order should direct these payments be made to Gaye Peale (guardian/ mother of victim K.N.F.). (Plea Agreement, pg. 22, ¶ 14).

Additionally, the United States and Defendant have agreed that Defendant will pay the $300 special penalty assessment at or before sentencing. (Plea Agreement, pg. 24, ¶ 15).

**C.    Sentencing Hearing.**

The victims; K.N.F., Gaye Peal and Chris Peal all wish to address the Court at the time of sentencing. The United States presently has no plans to introduce any exhibits at the sentencing hearing.

DATED February 18, 2009.

James A. McDevitt
United States Attorney

s/Stephanie J. Lister

Stephanie J. Lister
Assistant United States Attorney

I hereby certify that on February 18, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant(s):

Carl Oreskovich
618 West Riverside Ave
Second Floor
Spokane, WA  99201

Andrew Kohlmetz
741 SW Lincoln Street
Portland, OR 97201

United States' Notice of Review of the PreSentence Investigation Report  - 5
P090219jm.slf.wpd

Sylvia Cornish
1030 North Center Parkway, Suite 107
Kennewick, WA 99336

Gary Sussman
Assistant U.S. Attorney
1000 SW Third Ave, Suite 600
Portland, OR 97204-2902

Adrienne Farabee
Benton County Deputy Prosecutor
Justice Center
7122 West Okanogan Place, Bldg. A
Kennewick, WA 99336-2359

Brenda G. Challinor
United States Sentencing Guideline Specialist
U.S. Probation
920 West Riverside, Room 540
Spokane, WA 99201

                                              s/Stephanie J. Lister

                                              Stephanie J. Lister
                                              Assistant United States Attorney

United States' Notice of Review of the PreSentence Investigation Report - 6
P090219jm.slf.wpd